UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Julian DeBruce,                                             Case No. 16-cv-894

        Petitioner

    v.                                                      MEMORANDUM OPINION

John Coleman,

        Respondent


I.     INTRODUCTION

Before me are: (1) Respondent John Coleman's motion to dismiss Petitioner Julian DeBruce's § 2254 habeas petition as time-barred (Doc. No. 7); (2) Magistrate Judge James R. Knepp, II's Report and Recommendation (Doc. No. 11); and (3) Petitioner Julian DeBruce's *pro se* objections to the R & R. (Doc. No. 14).

II.     BACKGROUND

On August 2, 2010, a jury in the Summit County Court of Common Pleas found Petitioner Julian DeBruce guilty of two counts of rape and one count of kidnapping. (Doc. No. 7-1 at 5). He appealed his conviction to the Ohio Court of Appeals, who affirmed the conviction on February 8, 2012, but remanded an issue of court costs to the trial court. *Id.* at 72-85. He did not timely appeal the conviction to the Supreme Court of Ohio, but instead filed a Rule 26(B) Application to reopen the direct appeal, alleging ineffective assistance of counsel, on May 3, 2012. *Id.* at 87-93. The Court of Appeals denied his application on May 16, 2012. *Id.* at 96-98. DeBruce did not appeal this decision to the Supreme Court of Ohio either. But, in February 2015, DeBruce moved the Supreme

Court of Ohio for leave to file a delayed appeal of his direct appeal of the conviction. *Id.* at 121-25. On April 8, 2015, the Supreme Court of Ohio denied the motion. *Id.* at 140.

DeBruce filed this *pro se* § 2254 habeas petition on April 15, 2016. (Doc. No. 1). In the petition, he raises three grounds for relief: (1) insufficient evidence for conviction; (2) conviction against the manifest weight of the evidence; and (3) prosecutorial misconduct. *Id.* Respondent John Coleman moved to dismiss the petition as time-barred, claiming it was filed after the expiration of the statute of limitations. (Doc. No. 7). After considering the motion and DeBruce's traverse on the issue, Magistrate Judge Knepp recommends I dismiss the petition as time-barred, finding it was filed after the statute of limitation and neither equitable tolling nor actual innocence to apply so that I may consider the petition on the merits. (Doc. No. 11). DeBruce does not object to the procedural history outlined by Magistrate Judge Knepp or the finding that his petition was filed after the statute of limitations expired. (Doc. No. 14). I, too, find these sections to be accurate and adopt them in full. (Doc. No. 11 at 1-11).

### III. STANDARD

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). Therefore, the objections must be clear enough to enable the district court to discern those issues

2

that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

## IV. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act establishes a one-year statute of limitations for filing a habeas corpus petition. 28 U.S.C. § 2244(d)(1). Prior to any tolling, the statute of limitations began running on April 1, 2012, upon expiration of the 45-day time period DeBruce could have appealed to the Supreme Court of Ohio. (Doc. No. 7 at 9). The period was tolled while DeBruce's Rule 26(B) Application was pending from May 3, 2012 to May 16, 2012. *Id.* at 10. But the statute of limitations ultimately expired on April 15, 2013. *Id.* As noted above, DeBruce does not object to Magistrate Judge Knepp's calculation of the statute of limitations or the fact that his petition was filed after the statute of limitations had expired. Instead, DeBruce claims that the petition should be considered on the merits anyways under the doctrines of equitable tolling and actual innocence. Both are recognized by the Supreme Court as equitable means by which a habeas petition, otherwise barred by the statute of limitations, may be considered on the merits. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence).

A. Equitable Tolling

The AEDPA statute of limitations may be equitably tolled if a petitioner shows both: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In his objections, DeBruce makes no attempt to justify his failure to file for federal habeas corpus relief within the statute of limitations, let alone during the three years that

3

passed after the statute of limitations had expired. Because he submits no evidence in support of his claim of equitable tolling, that statute of limitations will not be tolled.

B.     Actual Innocence

Under the law, actual innocence applies when a petitioner is "innocent of the charge for which he was incarcerated." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 452 (1986)). DeBruce contends that he is innocent because the verdict was against the manifest weight of the evidence in violation of the Constitution and raises a vague Sixth Amendment Confrontation Clause argument. Because his claim of actual innocence does not stand alone but is dependent on his constitutional claims, actual innocence serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also McGuiggin*, 133 S.Ct. at 1928 (applying the actual innocence principle to the AEDPA statute of limitations).

Actual innocence is rarely found, applying only in extraordinary cases when a petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McGuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The new evidence need not be admissible under the Rules of Evidence. *Id.* at 327. Nor does the "new evidence" need to be newly discovered. *Id.* at 328. Instead, when evaluating actual innocence, the district court may "consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id.* at 327-28. This must be done through the eyes of a reasonable juror who "would consider fairly all of the evidence presented" and "conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Id.* at 329.

After liberally construing DeBruce's *pro se* objections, the only new evidence alleged is victim's criminal record relating to prostitution and inconsistent statements made by the victim. DeBruce purports that the victim's questionable credibility would create reasonable doubt in the minds of the jurors. But the standard here is not whether *a* reasonable juror could find him innocent, but whether "*no* reasonable juror" could find him guilty. I do not find the new evidence alleged to be sufficient to meet this standard. At trial, witness testimony as well as physical and scientific evidence were presented to the jury. Even if the new evidence called in to question the victim's credibility with respect to the allegation of rape, I am not persuaded that "no reasonable juror" considering all of the evidence could have found DeBruce guilty, as required for the rare case of actual innocence. Since DeBruce has failed to meet his burden of proof, actual innocence does not apply.

## V. CONCLUSION

DeBruce failed to file his § 2254 habeas petition within the statute of limitations. For the foregoing reasons, neither equitable tolling nor actual innocence apply to allow me to consider the tardy petition on the merits. In accordance with Magistrate Judge Knepp's R & R, DeBruce's § 2254 is dismissed with prejudice as time-barred. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
